NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ANDREW T. PRIBE (CA SBN 254904)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6551
    Facsimile: (213) 894-0115
    E-mail: andrew.t.pribe@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>TEYMOUR KHOUBIAN,<br><br>Defendant | Case No.: 2:19-cv-3984 MWF(AFMx)<br><br>United States of America's Memorandum in Support of its Motion for Default Judgment Under Fed. R. Civ. P. 55<br><br>Hearing Date: Oct. 7, 2019<br>Hearing Time: 10 a.m.<br>Courtroom: 5A<br>United States Courthouse<br>First Street, Los Angeles<br><br>Judge Michael W. Fitzgerald |

On May 25, 2017, the Internal Revenue Service assessed a penalty of $7,686,003.50 against Teymour Khoubian under 31 U.S.C. § 5321(a)(5) for his willful failure to report foreign financial accounts as required by law, referred to here as the FBAR penalty. As of April 26, 2019, the total outstanding balance of this penalty—including statutory interest under 31 U.S.C. § 3717(a) and the late-payment penalty under 31 U.S.C. § 3717(e)(2)—was $8,244,028.94. On April 25, 2019, Khoubian paid $7,686,003.50 towards the FBAR penalty. On May 7, 2019, the Government filed suit to collect the remaining balance of Khoubian's total liability arising from the FBAR penalty.

On May 21, 2019, Khoubian was served with the summons and a copy of the complaint. Because Khoubian did not timely respond to the complaint, the Clerk of the Court entered default against Khoubian on August 2, 2019. The United States now requests that the Court enter a default judgment against Khoubian under Fed. R. Civ. P. 55.

## I. Legal standard for entry of default judgment.

The Court may enter default judgment against a party under Rule 55(b) following the entry of the party's default by the court clerk.[1] According to the Ninth Circuit in *Geddes v. United Financial Group,* once a defendant's default is entered, the factual allegations of the compliant, except those concerning damages, are "taken as true."[2]

As reflected by the Ninth Circuit's decision in *Adriana International Corporation v. Thoeren,* the district court need not make findings of fact as to

---

[1] *See Pepsico v. California Security Cans,* 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

[2] 559 F.2d 557, 560 (9th Cir. 1977) (*citing Pope v. United States,* 323 U.S. 1, 12, 65 S. Ct. 16, 89 L. Ed. 3 (1944)). *See also* Fed. R. Civ. P. 8(b)(6) (providing that allegations unrelated to damages are admitted if a responsive pleading is required and the allegations are not denied).

2

liability.[3] But according to the Ninth Circuit in *Cripps v. Life Insurance Company of North America,* legally insufficient claims are not established by default.[4] In *Eitel v. McCool,* the Ninth Circuit enumerated the following factors that the Court should consider in determining whether to grant a default judgment:

    1. The possibility of prejudice to the plaintiff;
    2. The merits of the plaintiff's substantive claim;
    3. The sufficiency of the complaint;
    4. The sum of money at stake in the action;
    5. The possibility of a dispute concerning the material facts:
    6. Whether the default was due to excusable neglect; and
    7. The strong policy of the Federal Rules of Civil Procedure favoring decision on the merits.[5]

**II. The uncontested allegations in the Government's complaint show that Teymour Khoubian is liable to the United States.**

Teymour Khoubian is a United States citizen who, for tax year 2010, maintained accounts subject to the reporting requirements of 31 U.S.C. § 5314, as implemented under 31 C.F.R. §§ 1010.350(a) and 1010.306(c).[6] These provisions require that each United States person having a financial interest in, or signature or other authority over a financial account in a foreign country report that interest annually on a form called a Report of Foreign Bank and Financial Accounts, which is also referred to as an FBAR.[7]

---

[3] 913 F.2d 1406, 1414 (9th Cir. 1990).
[4] 980 F.2d 1261, 1267 (9th Cir. 1992).
[5] 782 F.2d 1470, 1471–72 (9th Cir. 1986).
[6] Complaint (dkt. 1, filed May 7, 2019), ¶¶ 10–13.
[7] 31 U.S.C. § 5314, 31 C.F.R. §§ 1010.350(a) and 1010.306(c); compliant, ¶¶ 4–6.

3

As set forth in 31 U.S.C. § 5321(a)(5)(C)(i), for willful violations of the FBAR-reporting requirements, Congress authorized a maximum penalty of the greater of (1) $100,000 or (2) 50% of the balance in the account at the time of the violation.[8]

For tax year 2010, Khoubian willfully did not disclose all of his foreign accounts as required by law.[9] On May 25, 2017, the Internal Revenue Service assessed an FBAR penalty of $7,686,003.50 against Teymour Khoubian.[10] On March 16, 2018, the IRS demanded that Khoubian pay the FBAR penalty.[11] Khoubian did not pay any portion of the FBAR penalty within 90 days of the March 16, 2018, demand for payment.[12] Under 31 U.S.C. § 3717(e), Khoubian is liable for a failure-to-pay penalty of 6% per annum for any portion of the FBAR penalty that remained unpaid after 90 days from March 16, 2018.[13] On November 1, 2018, Khoubian and his attorney executed a plea agreement in *United States v. Teymour Khobian,* case no. 17-cr-452 MWF (C.D. Cal.).[14] In that agreement, Khobian waived all defenses to the assessment and collection of the FBAR penalty, including interest and penalties.[15] On April 25, 2019, Khoubian delivered to the United States Attorney's Office a check in the amount of $7,686,003.50 to be applied to his 2010 FBAR penalty.[16] As of April 26, 2019, the total

---

[8] Complaint, ¶ 7.

[9] *Id.,* ¶¶ 11–21; attachment A to plea agreement (attached as exhibit 1 to the complaint), ¶ 18 (at page 034 of complaint).

[10] Complaint, ¶ 22. *See also* Form 13448 Penalty Assessment Certification (Title 31 "FBAR"), attached as exhibit 1 to the Government's evidentiary submission.

[11] Complaint, ¶ 23.

[12] *Id.,* ¶ 24.

[13] *Id.,* ¶ 25.

[14] Complaint, ¶ 26; plea agreement (at page 008 of the complaint).

[15] Complaint, ¶ 28; plea agreement, ¶ 3(f) (at page 011 of the complaint).

[16] Complaint, ¶ 31.

outstanding balance of Khoubian's liability for the FBAR penalty—without consideration of his April 25, 2019, payment—was computed to be $8,244,028.94, including interest of $85,493.63 and the late-payment penalty of $472,531.31.[17] Accordingly, after the April 25, 2019, payment, Khoubian is still liable for $558,022.44[18] as of April 26, 2019, plus all subsequent statutory accruals including interest and penalties, less an adjustment to interest and the failure-to-pay penalty of one day.

## III. The Court should enter default judgment in favor of the United States and against Teymour Khoubian.

Consideration of the *Eitel* factors favors entering default judgment in favor of the United States and against Teymour Khoubian.

### A. The possibility of prejudice to the plaintiff.

First, unless the court enters a default judgment, the United States will lose its ability to collect from Khoubian the remaining balance of the total liability arising from the FBAR penalty against him. Khoubian's failure to participate in this litigation after being served with the summons and complaint should not shield him from liability.

### B. The merits of the plaintiff's substantive claim.

Second, the Government's claim is meritorious. As reflected in the plea agreement attached to the complaint, Khoubian agreed to the FBAR penalty and waived all defenses to assessment and collection of the FBAR penalty and related interest and penalties.

---

[17] *Id.,* ¶ 32; exhibit B to Pribe decl., which is attached as exhibit 2 to the Government's evidentiary submission.

[18] $8,244,028.94 - $7,686,003.50 = $558,025.44

**C.     The sufficiency of the complaint.**

Third, the complaint apprised Khoubian that the Government seeks a judgment against him for the unpaid amount of his total liability to the Government arising from the FBAR penalty. Attached to the complaint was a copy of the plea agreement in which Khoubian stipulated to the FBAR penalty. Thus, Khoubian received fair notice of the Government's claim.

**D.     The sum of money at stake in the action.**

Fourth, the outstanding balance of the Khoubian's total liability arising from the FBAR penalty against him is $558,022.44 as of April 26, 2019, plus all subsequent statutory accruals, less an adjustment to interest and the failure-to-pay penalty for one day.

**E.     The possibility of a dispute concerning the material facts.**

Fifth, the possibility of a dispute on the merits is foreclosed by Khoubian's refusal to participate in this litigation. As this Court in *PepsiCo, Inc., v. California Security Cans* (Manella, J.) observed, all well-pleaded facts in the complaint are admitted on default and so "no genuine dispute of material facts would preclude granting Plaintiff's motion."[19]

**F.     Whether the default was due to excusable neglect.**

Sixth, there is no evidence in the record supporting the conclusion that Khoubian's failure to respond is because of excusable neglect. Despite being served, Khoubian has not responded to the complaint.

**G.     The strong policy of the Federal Rules of Civil Procedure.**

Seventh, while the Federal Rules favor decision on the merits, this is presumably based on the assumption that those sued will participate and play by the rules set forth in the Federal Rules. As observed by this Court in *PepsiCo,* a defendant's failure to respond "makes a decision on the merits

---

[19] 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

6

impractical, if not impossible."[20] Indeed, the presence of Rule 55 providing for default judgments shows that the policy of deciding cases on the merits, by itself, is not dispositive.[21]

And so, consideration of the factors specified by the Ninth Circuit in *Eitel* counsel in favor of granting the Government's motion.

## IV. The requirements of Local Rule 55-1 are satisfied.

Local Rule 55-1 requires that a declaration setting forth the following information accompany the application for a default judgment. The declaration of Andrew Pribe establishes the following:

1. When and against what party was the default entered: The Clerk entered default against Khoubian on August 2, 2019.[22]

2. The identification of the pleading to which default was entered: Default was entered against Khoubian as to the Government's complaint.[23]

3. Whether the defaulting party is an infant or an incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative: Based on the information available to counsel for the Government, Khoubian is not an infant or an incompetent person.[24]

---

[20] *Id.*

[21] *Id.* (*quoting Kloepping v. Fireman's Fund,* 1996 WL 75314, *3 (N.D. Cal. 1996)).

[22] Pribe decl., ¶ 3.

[23] *Id.,* ¶ 4.

[24] *Id.,* ¶¶ 5–7.

7

1  4. Whether the Servicemembers Civil Relief Act[25] applies: The Servicemembers Civil Relief Act does not apply based on information obtained from the Department of Defense Manpower Data Center website.[26]

5. The Government is providing notice of this motion to Khoubian and to his counsel in the criminal case, James W. Spertus and John Hanusz.[27]

## V. Conclusion.

The United States is entitled to default judgment against Teymour Khoubian for $558,022.44 as of April 26, 2019, plus all subsequent statutory accruals including interest and penalties, plus costs and expenses, less an adjustment to interest and the failure-to-pay penalty for one day.

Dated: September 5, 2019

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

**/s/ Andrew T. Pribe**
ANDREW T. PRIBE
Assistant United States Attorney

---

[25] 50 App. U.S.C. § 521.

[26] Pribe decl., ¶ 8; exhibit 1 to Pribe decl.

[27] *Id.,* ¶ 9.

8

## PROOF OF SERVICE BY MAIL

I am over the age of 18 and not a party to the within action. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7211, Los Angeles, California 90012.

On September 5, 2019, I served, **United States of America's Memorandum in Support of its Motion for Default Judgement Under Fed. R. Civ. P. 55,** on the person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices.  I am readily familiar with the practice of this office for collection and processing correspondence for mailing.  On the same day, that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing September 5, 2019, Place of mailing: Los Angeles, CA. Person(s) and/or Entity(s) to whom mailed:

Teymour Khoubian
[Redacted Per Local Rule]
Beverly Hills, California  [Redacted Per Local Rule]

James W. Spertus
John Hanusz
Spertus, Landes & Umhofer
1990 S. Bundy Drive, Suite 705
Los Angeles, California  90025

James W. Spertus
John Hanusz
Spertus, Landes & Umhofer
617 West 7th Street, Suite 200
Los Angeles, California  90017

1
2  I declare under penalty of perjury under the laws of the United States of America
3  that the foregoing is true and correct and that this declaration is executed at Los Angeles,
4  California, on September 5, 2019.
5                                       /s/ AFH
                                        ─────────────────────────────
6                                       AMANDA F. HERNANDEZ
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28